IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SAMUEL WOLLSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08CV252-HEH |
| ) | |
| MARY WASHINGTON HOSPITAL/ ) | |
| HOSPICE, SOCIAL SECURITY ) | |
| ADMINISTRATION, DR. CHARLES I. ) | |
| MAURER, and DR. FREDERICK TUCKER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(Granting Defendants' Motions to Dismiss)

THIS MATTER comes before the Court on Defendant's Motions to Dismiss Plaintiff's Complaint. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant the Defendants' Motions to Dismiss and dismiss Plaintiff's Complaint. The initial pretrial conference scheduled for August 7, 2008, is hereby canceled.

I. **BACKGROUND**

On October 28, 2004, Plaintiff filed a complaint *pro se* in the Circuit Court for Westmoreland County, Virginia, against the Defendants named in this action ("Original Action"). In the Original Action, Plaintiff sought damages from the Defendants for alleged negligence arising out of the death of his wife. Defendant Social Security Administration ("SSA") removed the Original Action to this Court, which dismissed Plaintiff's claims against

SSA for lack of subject matter jurisdiction and standing. The Court also remanded the case to the Westmoreland County Circuit Court, which subsequently dismissed all claims against the remaining Defendants.

On April 22, 2008, the Plaintiff filed this action, alleging the same facts and ostensibly asserting claims under the Civil Rights Act of 1964 ("the Act"), against the same defendants named in the Original Action—the SSA, an agency of the United States; Mary Washington Hospital/Hospice, which is owned and operated by a private non-profit corporation, Medical Health Services, Inc. ("MHS"); and Dr. Charles I. Maurer and Dr. Frederick Tucker, private physicians who allegedly treated Plaintiff's wife. The Plaintiff seemingly asserts claims against all Defendants under Title II of the Act, (Compl., at 2–6,) and also purports to assert claims against Maurer and Tucker under Title VII of the Act. Each Defendant filed a Motion to Dismiss Plaintiff's claims.

## II. ANALYSIS

### A. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a motion to

2

dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

**B.     Claims against Defendant Social Security Administration**

In Plaintiff's Original Action, the United States removed the case on behalf of the SSA to this Court, which, in an Order dated February 11, 2005, dismissed Plaintiff's claims against the SSA for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. §§ 405(g) and 1395ii and for lack of standing. In this case, Plaintiff reasserts essentially the same facts in his original lawsuit, but purports to assert a civil rights action. (Compl., at 2.) SSA grounds its Motion to Dismiss, *inter alia*, on *res judicata*, based on the Court's previous Order.

The defense of *res judicata* may be properly raised and ruled upon in a motion to dismiss. *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1969) ("Plaintiffs contend that res judicata cannot properly be raised in the context of a motion to dismiss, an argument which we reject as against the weight of authority."). For *res judicata* to apply, a court of competent jurisdiction must issue a final judgment on the merits; a subsequent case must be filed involving the same parties or parties in privity with each other; and the subsequent case is based on the same cause of action as the prior action. *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). "When entertaining a motion to dismiss on the ground of res judicata, a court may take notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006). The Court hereby takes judicial notice of its Order of February 11, 2005, pursuant to *Smoak* and Federal Rule of Evidence 201.

3

Plaintiff's original lawsuit involved the exact same parties, was based on the same cause of action, and was dismissed by this Court for lack of subject matter jurisdiction and standing. Therefore, the doctrine of *res judicata* applies. Moreover, Plaintiff's attempt to assert his clams under the guise of a civil rights action does not allow him to avoid dismissal. *Res judicata* prohibits "not only issues that were raised, but also issues that could have been raised in the earlier action." *United States v. Tatum*, 943 F.2d 370, 381 (4th Cir. 1991). Accordingly, the Court finds Plaintiff's claims as to SSA barred by the doctrine of *res judicata,* and it will grant SSA's Motion to Dismiss.[1]

C. **Claims against Medicorp Health Services, Inc., Dr. Charles I. Maurer, and Dr. Frederick Tucker**

Plaintiff also appears to assert claims against the remaining Defendants under the Civil Rights Act. (Compl., at 2.) Under the Act, any person, who, under the color of law, deprives a person of any right, privilege, or immunity protected by the Constitution or laws of the United States is liable for damages. 42 U.S.C. § 1983. Thus, to plead an actionable civil rights claim, Plaintiff must allege not only a constitutional deprivation, but also that the party against whom the claim is asserted is "'a person who may fairly be said to be a state actor.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In *Sullivan*, the Supreme Court restated the well-settled rule that:

> To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under the color of state law. Like the state-action requirement of the Fourteenth Amendment, the

---

[1] SSA raises several other defenses in its Motion to Dismiss, but the Court will not address these other defenses because it has determined that the action against SSA should be dismissed on the basis of *res judicata*.

under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful."

*Id.* (citations omitted).

Plaintiff asserts civil rights claims against Mary Washington Hospital/Hospice, which is a division of MHS, a private non-profit corporation. Plaintiff makes no allegation in his Complaint that MHS qualifies as a state actor or was acting under the color of state law. Thus, he has failed to state a claim under § 1983 or in accordance with the Supreme Court's ruling in *Sullivan*, and his case must be dismissed. Moreover, Plaintiff's claims against MHS must be dismissed because they are predicated solely on the theory of *respondeat superior*, which is inapplicable in a § 1983 action. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). In *Brown*, the Supreme Court held that municipalities cannot be held liable under § 1983 for the tortious acts of their employees. *Id.* The Fourth Circuit extended the rule in *Brown* to private corporations, holding that a private corporation could not be held liable under § 1983 for acts of its employees "when such liability is predicated solely upon a theory of *respondeat superior.*" *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727–28 (4th Cir. 1999). Therefore, the Court will dismiss Plaintiff's claims against MHS for failure to state a claim under § 1983.

Plaintiff also asserts civil rights claims against Maurer and Tucker. Like MHS, Maurer and Tucker do not qualify as state actors. They are private physicians, and Plaintiff has made no allegation that they acted under color of state law as required by § 1983. Thus, Plaintiff's claims against Maurer and Tucker must be dismissed for failure to state a claim.

To the extent Plaintiff purports to assert claims against Maurer and Tucker under Title VII of the Act, the Court finds that Plaintiff has failed to state a claim and will dismiss those

claims. To maintain a Title VII lawsuit, Plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1). Plaintiff has failed to allege that he filed the requisite EEOC charge, a condition precedent to this Court's subject-matter jurisdiction. *Id.*; *see also Millican v. Collegiate Designs, Inc.*, No. 95-0975-R, 1996 U.S. Dist. LEXIS 2218, *6–7 (W.D. Va. 1996). Therefore, to the extent Plaintiff purports to assert claims under Title VII, Plaintiff's claims must be dismissed.[2]

### III. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss are granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 4th day of August, 2008
Richmond, VA

---

[2] The Defendants raise several other defenses in their Motions to Dismiss, but the Court will not address these other defenses because it has determined that the action against the Defendants should be dismissed for the reasons stated herein.

6